**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

JANE DOE[1],

                       Plaintiff,

            -against-

THE CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

                       Defendants.

------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, JANE DOE, by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action charging that Defendants violated **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), the **New York State Human Rights Law**, New York State Executive Law, § 296 et. seq. ("NYSHRL"), and the **New York City Human Rights Law**, New York City Administrative Code § 8-107, et. seq. ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being retaliated against for filing a lawsuit alleging, *inter alia*, sexual harassment (which lawsuit is described herein).

## **JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), et seq.

3. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

---

[1] Concurrently with this Complaint, Plaintiff has filed a motion requesting leave to proceed pseudonymously.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), based upon the fact that the claims alleged herein took place within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

6. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue, dated May 16, 2022, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

8. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

9. That at all times relevant hereto, Plaintiff JANE DOE ("DOE") is a resident of the State of New York and County of Queens.

10. That at all times relevant hereto, Defendant THE CITY OF NEW YORK ("NYC") is a municipal corporation, located within the State of New York.

11. That at all times relevant hereto, Defendant NEW YORK CITY DEPARTMENT OF CORECTIONS ("DOC") is an agency of NYC.

12. That at all times relevant hereto, Plaintiff was an employee of Defendants NYC and DOC.

## MATERIAL FACTS

13. On or about August 29, 2018, Plaintiff commenced a lawsuit against Defendant, entitled *Jane Doe v. The City of New York, New York City Department of Corrections, and Robert Kelly III*, individually, Case No.: 1:18-cv-04903-KAM-RLM (the "Prior Lawsuit").

14. In the Prior Lawsuit, which Plaintiff filed pseudonymously to protect her identity as she

feared for her safety, Plaintiff alleged, *inter alia*, that she was sexually assaulted and harassed by Robert Kelly III, Deputy Warden for Administration for Defendants NYC and DOC ("Kelly"), and Keisha Hanley, Corrections Officer for Defendants ("Hanley").

15. The harassment alleged in the Prior Lawsuit involved a brutal sexual assault in which Plaintiff was propositioned for a threesome, forced to remove her top, whereupon Kelly fondled Plaintiff's breasts and vagina and attempted to remove her pants. This ordeal, which went on for approximately 15 minutes, was followed by continued harassment by Kelly and Hanley.

16. As alleged in the Prior Lawsuit, after complaining about the assault and sexual harassment, Plaintiff was transferred from Defendants' location at 09-09 Hazen Street, East Elmhurst, New York 11370 (the "Hazen Street Location") to the Queens Court House, located at 125-01 Queens Boulevard, Kew Gardens, New York 11415 (the "Queens Court House"), so that she would no longer work with Kelly or Hanley.

17. Ultimately, the Prior Lawsuit was resolved in a settlement.

18. Upon information and belief, since Plaintiff filed the Prior Lawsuit, multiple other female employees of Defendant have come forward to accuse Kelly of sexual harassment, which they had previously not reported due to fear of retaliation.

19. Also, upon information and belief, since Plaintiff filed the Prior Lawsuit -- which, as noted above, she filed under a pseudonym to protect her identity -- her identity has become known to a number of employees of Defendants, particularly those who know Kelly.

20. Plaintiff continued to work at the Queens Court House from the time of her transfer in or about August 2017 until, in or about January 2021, she was placed on TDY (Temporary Duty) to EMTC, a facility on Riker's Island ("Rikers' Facility")

21. Upon information belief, Defendants currently have plans to close the Rikers' Facility.

22. With the Rikers' Facility being closed, Plaintiff expected that she would return to the Queens Court House. However, on May 21, 2021, she was advised that she would be transferred to the Otis Bantum Correctional Center facility ("OBCC"), where Robert Kelly and Keisha Hanley worked for several years.

23. Indeed, upon information and belief, Kelly is widely known at OBCC, as he worked there for years while ascending through the ranks of Defendants.

24. Upon information and belief, Kelly, while no longer working at OBCC at this time, has many friends and admirers who still work there ("Kelly's Cohorts").

25. Upon information and belief, Kelly's Cohorts are fully aware of Plaintiff's identity, despite the pseudonymous nature of her complaint in the Prior Lawsuit, because her identity was revealed by, upon information and belief, Kelly or Kelly's Cohorts, after Plaintiff filed the Prior Lawsuit.

26. Defendants' transfer of Plaintiff to the OBCC was in retaliation for the Prior Lawsuit.

27. Plaintiff genuinely fears for her safety working at the OBCC, as she fears retribution, possibly even physical harm, from Kelly's Cohorts. Due to these concerns, on May 28, 2021, Plaintiff's counsel reached out to the attorneys who represented Defendants in the Prior Lawsuit, complaining that the transfer is retaliatory and asking that Plaintiff be sent back to the Queens Court House.

28. Upon the request of Defendants' attorneys from the Prior Lawsuit, on June 9, 2021, Plaintiff's counsel forwarded her complaint and request for reassignment back to the Queens Court House to an attorney working for the DOC. Plaintiff's counsel received no response to this complaint nor a follow-up complain on June 16, 2021.

29. Left with no choice due to Defendants' failure to address her complaint, Plaintiff reported to the OBCC where she was almost immediately subjected to retaliatory acts.

30. For example, starting on July 29, 2021 and continuing onto July 30, 2021, Plaintiff was forced to remain at her post for a triple tour without receiving any meal break.

31. Likewise, during that same period, the inmates, who Plaintiff was overseeing, forty-four (44) in total, started to become irate and make threats towards her. Plaintiff, who stands at a diminutive 5'2", requested backup from her area supervisor. However, the supervisor refused to send any backup, placing Plaintiff in mortal danger.

32. Upon information and belief, these acts were undertaken by Defendants in retaliation for Plaintiff filing the Prior Lawsuit.

33. As a result of the Defendant's actions, Plaintiff was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

34. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## AS AND FOR A FIRST CAUSE OF ACTION UNDER TITLE VII
(*Retaliation*)

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-3(a) provides that:

> it shall be unlawful employment practice for an employer:
>
> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner

in an investigation, proceeding, or hearing under this subchapter.

37. As described above, Plaintiff engaged in protected activities, including filing the Prior Lawsuit.

38. As described above, after Plaintiff engaged in activity protected by Title VII, Defendants took adverse actions against Plaintiff by, *inter alia*, transferring her to a location where she would be among Kelly's Cohorts, who would, upon information and belief, be hostile to Plaintiff, possibly to the point of harassment or even physical aggression. This would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

39. Defendants violated the section cited as set forth.

40. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## AS AND FOR A SECOND CAUSE OF ACTION UNDER THE NYSHRL
*Retaliation in Violation of the NYSHRL*

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

43. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, transferring her to a location where she would be among Kelly's Cohorts, who would, upon information and belief, be hostile to Plaintiff, possibly to the point of harassment or even physical aggression. This would dissuade a reasonable employee from making or supporting a similar complaint of

discrimination.

44. Defendant violated this section as set forth herein.

45. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION UNDER THE NYCHRL
*Retaliation in Violation of the NYCHRL*

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. Section 8-807(7) of the NYCHRL provides as follows:

> Retaliation. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, [or] (iii) commenced a civil action alleging the commission of a act which would be an unlawful discriminatory practice under this chapter….

48. As described above, after Plaintiff engaged in activity protected by the NYCHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, transferring her to a location where she would be among Kelly's Cohorts, who would, upon information and belief, be hostile to Plaintiff, possibly to the point of harassment or even physical aggression. This would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

49. Defendant violated this section as set forth herein.

50. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

51. Plaintiff hereby requests a jury trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by **Title VII of the Civil Rights Act of 1964**, the **New York State Human Rights Law**, and the **New York City Human Rights Law**, in that Defendants subjected Plaintiff to retaliation;

B. Awarding damages to Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Garden City, New York
August 12, 2022

        **PHILLIPS & ASSOCIATES,**
        **ATTORNEYS AT LAW, PLLC**

        _____/s/_____
        Marjorie Mesidor
        Joseph Myers
        *Attorneys for Plaintiff*
        585 Stewart Ave, Suite 410
        Garden City, New York 11530
        T: (212) 248 – 7431
        F: (212) 901 - 2107

mmesidor@tpglaws.com  
jmyers@tpglaws.com